UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                               Criminal Action No. 3:18-cr-0057-RGJ

DAWON HOPPER                                                                             Defendant

\* \* \* \* \*

## ORDER

Defendant Dawon Hopper ("Hopper") moves for a recommendation for residential reentry center and home confinement placement. [DE 67]. The United States did not respond. This matter is ripe. For the reasons below, Hopper's Motion is **DENIED**.

## BACKGROUND

This Court sentenced Hopper to 84 months imprisonment followed by three years of supervised release after pleading guilty to possession of a firearm by a convicted felon. [DE 63]. Hopper is serving his sentence at FMC Lexington with an expected release date of January 14, 2024. *See Inmate Locator*, Federal Bureau of Prisons (last accessed July 8, 2021), https://www.bop.gov/inmateloc. Hopper moves for a recommendation from the Court for placement in a residential reentry center or in home confinement. [DE 67]. The United States filed no response.

## ANALYSIS

A federal defendant convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "is directed to transfer prisoners to a residential reentry center as they approach the end of their sentences, in an effort to better prepare the inmates for reentry into the community." *See* 18 U.S.C. § 3624(c). The Second Chance Act

1

"increased the maximum time available for pre-release RRC placement from six months to twelve months." *See* 18 U.S.C. § 3624(c)(1). Section 3624(c) of the Second Chance Act states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). In accordance with the statute, the BOP "is required to conduct an individualized assessment of each inmate to determine when the inmate should be placed in a residential reentry center, ensuring that the inmate's time in a residential reentry center is 'of sufficient duration to provide the greatest likelihood of successful integration into the community.'" In making its assessment, the BOP considers, among other factors: "(4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." *See* 18 U.S.C. § 3624(c)(1).

As stated by the Supreme Court, "the Second Chance Act, Pub.L. No. 110–199, 122 Stat. 657 *514 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to 'authorize[ ] the BOP to consider placing an inmate in an RRC1 for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment.'" *Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009) (quoting *Montes v. Sanders*, No. CV 07–7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008)). An inmate's eligibility under the Second Chance Act "does not guarantee RRC placement, but only directs the BOP to consider it." *United States v. Oliver*, No. 3:17-CR-41.3, 2018 WL 3902151, at *1 (E.D. Tenn. Aug. 14, 2018) (citing *Demis,* 558 F.3d at 514). "Congress left this decision solely within the BOP's discretion." *Id.* "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections

facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621. "While a court may make non-binding recommendations for RRC placement, the BOP has the exclusive authority to determine if an inmate should be placed in an RRC and, if so, for how long." *United States v. Parks*, No. 1:17-CR-00137, 2018 WL 3135940, at *1 (N.D. Ohio June 27, 2018) (citing 18 U.S.C. § 3621(b); *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1-2 (W.D. Pa. Aug. 12, 2008)).

Hopper is not asking the Court to modify his sentence. [DE 67]. Instead, he requests a nonbinding recommendation from the Court that his place of incarceration change. *Id*. While incarcerated, he has taken available programming classes, including Wellness and Nutrition, Brain Health, Parenting, Drug Education, and a CDL course. *Id.* Hopper's attendance at programming is laudable and shows a desire to be a productive member of society when released. The Court encourages him to continue his efforts as he closes in on his release date.

The United States Supreme Court "has regularly cautioned the district courts to stay out of the business of micro-managing prisons." *See McAfee v. Patton*, No. 06-CV-68-HRW, 2006 WL 1313644, at *8 (E.D. Ky. May 11, 2006) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). The BOP has the most complete and relevant information and is "in the best position to evaluate the current situation and make an appropriate determination as to RRC placement." *See United States v. Watte,* 13-CR-2754, 2018 WL 6190715 at *2 (S.D. Cal. Nov. 28, 2018). In sum, the BOP is in the best position to decide whether and for what period Hopper is eligible for reentry placement. Hopper is encouraged to present his request for placement in a re-entry center and support for same to the BOP directly if he has not already done so.

For these reasons, **IT IS ORDERED**: Defendant Hopper's Motion [DE 67] is **DENIED**.

_____
Rebecca Grady Jennings, District Judge
United States District Court

July 8, 2021

Cc: Defendant, pro se